BOLIN, Judge
(dissenting).
I agree with the majority that Mrs. Rossiter was guilty of negligence in entering a favored thoroughfare when she saw or should have seen commencement of the passing maneuver being executed by the driver of the Piggly Wiggly truck. However, I disagree that her negligence was the sole proximate cause of the accident.
The district judge found as a fact the driver of the Piggly Wiggly truck violated *110 the provision of the Highway Regulatory Statute, La.R.S. 32:76, when he made his passing maneuver within 100 feet of the intersection. The majority agrees it is well-established that the violation of the statute constitutes negligence per se rendering the offending party liable if this negligence is found to be a proximate cause of an ensuing accident, but concludes in the instant case that the violation was not a proximate cause, citing numerous cases including Dixie Drive It Yourself, supra.
As stated in Dixie:
“Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Under the circumstances of this case, the negligent conduct is undoubtedly a substantial factor in bringing about the collision if- the collision would not have occurred without it.”
Dixie involved a violation of the Regulatory Act requiring the driver of a disabled vehicle to display red signal flags in front of and behind his vehicle in such position as to be visible to all approaching traffic. It was there held the statute (the Highway Regulatory Act) was designed to protect life and property on the highways and violation of its provisions is negligence per se which is actionable if it was a legal cause of the collision. This philosophy is applicable to the provision with which we are here dealing.
The majority would accord the passing motorist (Frazier) the benefit of the rule that a motorist on a right-of-way street has the right to assume that any driver approaching on a less-favored street will observe the law and stop for the stop sign and yield the right-of-way to vehicles proceeding on the superior street. With this I cannot agree. This jurisprudential rule was established in favor of a motorist proceeding on a superior street or highway in his own lane of traffic, whose only negligence, if any, was in failing to observe that a motorist from an inferior street was not going to stop before entering the favored street. The question in those cases was whether the motorist on the favored street saw or should have seen that the driver entering the intersection from the inferior street was not going to stop or yield the right-of-way at a time when effective evasive action would have precluded an accident. This is not the situation before us.
Frazier was not entitled to make this assumption when, at the same instant, he was violating a prohibitory statute designed to avoid accidents caused by drivers executing a passing maneuver in or near intersections. This maneuver was the act which caused defendant to be in the wrong lane of travel when the accident occurred and, under the jurisprudence, raised a presumption of his negligence, casting upon him the burden of showing the collision was not caused by his negligence.
I conclude the negligence of Mrs. Ros-siter and Mr. Frazier concurred in causing this accident and neither should be allowed to recover under these circumstances.
I respectfully dissent.